OPINION
On September 24, 1996, appellee, Mark O. Mikesell, was operating a Ford Straight truck while in the course of his employment when he collided with a pickup driven by Kurt B. Wagner. As a result of the collision, Mr. Wagner and his two passengers were killed.
On August 28, 1997, the Muskingum County Grand Jury indicted appellee on three counts of misdemeanor vehicular homicide in violation of R.C. 2903.07. A trial date was set for January 13, 1998.
On the morning of trial, Lieutenant Barry Donley of the Ohio State Highway Patrol filed a complaint against appellee alleging three counts of aggravated vehicular homicide for the September 24, 1996 accident. Appellant, the State of Ohio, requested a continuance of the trial which the trial court denied. Appellant then sought to file a nolle prosequi on the misdemeanor charges. The trial court denied the nolle prosequi and commenced the trial. By judgment entry filed January 21, 1998, the trial court found appellee not guilty of the three misdemeanor vehicular homicide counts.
On January 22, 1998, appellee filed a motion to dismiss the aggravated vehicular homicide counts. By judgment entry filed February 6, 1998, the trial court granted said motion and dismissed the counts.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE COURT ABUSED ITS' DISCRETION IN DENYING THE STATE LEAVE TO NOLLE PROSEQUI THE MISDEMEANOR INDICTMENT OR TO GRANT A CONTINUANCE ON THE SAME.
 II THE TRIAL COURT COMMITTED ERROR BY GRANTING THE DEFENSE MOTION TO DISMISS A FELONY COMPLAINT OF THREE COUNTS OF VEHICULAR HOMICIDE.
 I, II
Appellant claims the trial court erred in denying appellant leave to nolle prosequi the misdemeanor charges, in denying the motion to continue appellee's trial, and in dismissing the felony complaint.
R.C. 2945.67 confers upon a prosecuting attorney certain rights of appeal. In order to pursue an appeal, a prosecutor must follow the procedures set forth in App.R. 5(B):
(B) Motion by prosecution for leave to appeal
 When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court.
* * *
 Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant.
In the case sub judice, appellant filed a motion for leave to appeal with this court on February 12, 1998. Appellant sought to appeal the trial court's January 13, 1998 and February 6, 1998 judgment entries. Appellant filed a notice of appeal with the trial court on March 27, 1998. Because appellant failed to file "with the clerk of the trial court a notice of appeal" within the thirty day statutory period, we find the notice to be untimely. As such, this court lacks jurisdiction to entertain the appeal. See, State v. Fisher (1975), 46 Ohio App.2d 279. The appeal is dismissed.
By Farmer, P.J., Hoffman, J. and Reader, J.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the County Court of Muskingum County, Ohio is dismissed.
 NUNC PRO TUNC
For the reasons stated in the memorandum opinion filed on November 25, 1998, this appeal is dismissed.